Filed 9/16/14  P. v. Dacumos CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>MA JOCELYN DACUMOS,<br><br>　　　Defendant and Appellant. | H040855<br>(Santa Clara County<br>Super. Ct. No. C1359540) |

Defendant Ma Jocelyn Dacumos pleaded no contest to grand theft by an employee (Pen. Code, §§ 484, 487, subd. (b)(3)).[1]  The court suspended imposition of sentence and ordered that Dacumos be placed on three years of probation with the condition that she serve six months in jail, which could be served via the electronic monitoring program. The court also ordered that Dacumos pay restitution to the victim.

Dacumos's counsel has filed an opening brief in which no issues are raised and asks this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436.  We notified Dacumos of her right to submit a written argument on her own behalf, but she has not done so.

Pursuant to *Wende*, we reviewed the entire record and have concluded that there are no arguable issues on appeal.  As required by *People v. Kelly* (2006) 40 Cal.4th 106, 110, we will provide "a brief description of the facts and procedural history of the case, the crimes of which the defendant was convicted, and the punishment imposed."  We will

---

[1] Further unspecified statutory references are to the Penal Code.

further include information about aspects of the trial court proceedings that might become relevant in future proceedings. (*Id.* at p. 112.)

## I.  BACKGROUND

Dacumos embezzled more than $96,000 from the Santa Clara County Valley Medical Center while working as a cashier at the center's cafeteria.

The Santa Clara County District Attorney filed a felony complaint on June 13, 2013, charging Dacumos with one count of grand theft by an employee (§§ 484, 487, subd. (b)(3)).  Dacumos pleaded no contest to that charge on January 24, 2014.  The plea agreement called for Dacumos to serve six months in county jail, with eligibility for the electronic monitoring program.

On March 12, 2014, the trial court suspended imposition of sentence, placed Dacumos on three years of probation with the condition that she serve six months in jail, which could be served via the electronic monitoring program, and ordered that Dacumos pay restitution to the Santa Clara County Valley Medical Center.  The court imposed various probation conditions, including the condition that she refrain "from engaging in any employment or volunteer work that includes the handling of money in its various forms, whether it be cash or checks" and "from engaging in any employment or any activity that requires you to provide receipts for money received, make deposits, or handle of cash or checks or any other money instruments, either as an employee or a volunteer, a worker, except as approved . . . by your probation officer."  Dacumos's counsel objected to that condition as unconstitutionally vague and overbroad.

Dacumos timely appealed her sentence on March 19, 2014.

## II.  DISCUSSION

Having examined the entire record, we conclude that there are no arguable issues on appeal.

## III.  DISPOSITION

The judgment is affirmed.

2

_____
                        Premo, J.

WE CONCUR:

_____
          Rushing, P.J.

_____
          Elia, J.